AGNES BAKER, ADMINISTRATRIX OF FOREST R. BAKER, DECEASED, PLAINTIFF-RESPONDENT, v. JACOB GENNETT, DEFENDANT-APPELLANT.

Submitted December 8, 1922—Decided February 28, 1923.

Motor Vehicles—Collision at Night—Evidence Justified Letting Case go to Jury.

On appeal from the Essex County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the appellant, *Collins & Corbin* (*Edward N. Markley* and *William B. Harley* on the brief).

For the respondent, *John A. Matthews* and *Grosken & Moriarty.*

PER CURIAM.

This is an appeal from a judgment for the plaintiff entered upon the verdict of a jury.

The plaintiff is the administratrix of Forest R. Baker. He, with others, was riding in his automobile along the highway and came into collision with a truck of the defendant. He was killed as a result of the collision.

It is argued that there was no evidence of any negligence upon the part of the defendant which was the proximate cause of the accident, and hence a verdict should have been directed. We think there is no merit in that contention.

From the testimony upon the part of the plaintiff by the three occupants of the automobile it was open to the jury to find that they were traveling at the rate of about fifteen miles an hour in the night-time, the night being clear overhead but foggy along the ground; that their proper automobile lights were lighted; that suddenly the defendant's truck loomed up about fourteen feet away, in the centre of the highway,

which was only about sixteen feet wide; and that the truck, which had considerable overhang, hit the plaintiff's car on the left side, notwithstanding the fact that plaintiff's car was well over to the right and proper side of the road, the right-hand wheels of the automobile running along the shoulder of the road. There was also testimony that the headlights of the truck were very dim, consisting of oil lights.

The alleged negligence, the proximate cause of the accident, and the alleged negligence of the plaintiff, were jury questions.

The judgment will be affirmed, with costs.